ST. GEORGE & WASHINGTON CANAL CO. v.
HURRICANE CANAL CO.
LOWE v. HAFEN et al.

No. 5716.   Decided October 25, 1937.   (72 P. [2d] 642.)

*Morris & Matheson,* of Cedar City, for appellant.

*Orval Hafen,* of St. George, and *Joseph Chez,* Atty. Gen., for respondents.

HANSON, Justice.

In the year 1923 an action was commenced in the district court of Washington county by the St. George & Washington Canal Company against the Hurricane Canal Company to quiet title in plaintiff to certain waters of the Virgin river water system. In that action, the proceedings provided by chapter 67, Laws of Utah 1919, particularly sections 22 and 38 thereof, now sections 100-4-3 and 100-4-18, R. S. Utah 1933, for the determination of water rights in a water system, were invoked. In accordance therewith, the state engineer proceeded, as required by the statute, and submitted his recommendations to the court and an adjudication of the respective rights to the waters of the Virgin river water system was made, the decree of the court being entered December 12, 1925. By the terms of said decree, the court expressly reserved and retained jurisdiction, as will be referred to more particularly hereinafter, for a period of five years, and provided that a supplemental final decree should be entered on or before December 12, 1930. No appeal from that decree was taken by any one so far as the record before us discloses.

It appears from the files in the original proceedings that a verified claim was signed by Herman Gubler and was filed in said proceedings by which it appears said Herman Gubler and Benjamin Blake claimed ownership, by virtue of a diligence right, of the waters of what is known as Summit Spring. This claim of Gubler and Blake does not appear to have been contested by any one. The court awarded them jointly 0.02 c. f. s. of the waters of Summit Spring for stock-watering purposes without specifying the proportion of such water to which each should be entitled.

In so far as the right to the use of the water of Summit Spring is concerned, no proceedings were taken by any one until December 12, 1930, on which date Paul Hafen, Rex Frei, J. Claud Frei, Guy Hafen, and E. R. Frei, Jr., hereinafter called petitioners, filed a petition in the proceedings, hereinabove referred to, praying that the said decree of the

court be modified so as to award the waters of Summit Spring, one-half to petitioners, three-eighths to the State Road Commission, and one-eighth to Herman Gubler.

The appellant, James L. Lowe, filed objections to the Hafen-Frei petition and prayed for its dismissal for want of jurisdiction to adjudicate the rights to the waters of Summit Spring, but, should the court find that a valid appropriation of the waters of said spring had been made by said petitioners' grantors and predecessors in interest, then the right to use three-eighths of the water of said spring be awarded to appellant. The State Road Commission answered the petition and claimed ownership of five-eighths of the water of said spring by virtue of a conveyance from C. B. Petty, who in turn acquired his interest from Gubler and Blake. We do not deem it necessary to give a summary of the pleadings, as the questions before us may all be disposed of without reference to particular allegations in the pleadings.

A judgment was entered by the trial court in which it modified the decree dated December 12, 1925, so that the waters of Summit Spring were awarded as follows: Five-eighths to the State Road Commission, two-eighths to petitioners Hafen and Frei, and one-eighth to appellant, Lowe. The last-named party has appealed from the judgment to this court. He relies upon eight assignments of error as grounds for reversal. We shall consider these assignments in the order presented by appellant in his brief.

Appellant first contends that the trial court had no jurisdiction of the subject matter of the action and had no jurisdiction in the proceedings to adjudicate the title to the waters of Summit Spring. It is argued that the only rights to the use of waters which could be adjudicated in the proceedings in which petitioners filed their petition were rights to the waters which belonged to the Virgin river system. We deem it unnecessary to discuss the question thus presented, since it conclusively appears from the record

that all parties to this proceeding sought an adjudication of their rights to the use of the waters of Summit Spring and submitted themselves to the court for that purpose. The record further shows that all parties based their respective rights to the waters of said spring upon conveyances either from Gubler or Blake or both. Appellant's only interest in said water as disclosed by the evidence is based upon a conveyance from Gubler. Both Gubler and Blake submitted themselves and their water rights to the jurisdiction of the court and were awarded the water of said spring. Appellant is in no position, therefore, to dispute the jurisdiction of the court in awarding the spring water to Gubler and Blake. In addition, appellant prayed that he be awarded three-eighths interest in the waters of said spring if the court should find Gubler and Blake had made a valid appropriation of the water of the spring. The evidence conclusively shows that Gubler and Blake had made a valid appropriation of the water of Summit Spring, and the court, in its original decree, awarded them said water by reason of an appropriation dating from 1899.

The court awarded appellant a one-eighth interest. Had it awarded him three-eighths, he then would have received all he claimed through Gubler. All of the parties sought to have their rights adjudicated. The matter was heard as if it had been an original action to determine the rights of the parties in the water of said spring. The decree that was entered determined such rights. We cannot see how appellant could possibly be prejudiced or why the matter should be dismissed and the parties forced to begin another action and relitigate the very matters determined by the court in the case before us, even though it be assumed that Summit Spring was not a part of the Virgin river system, and because of such fact the court should not have adjudicated the rights of the parties as a part of its proceedings in adjudicating the rights to the waters of the Virgin river system. In the absence of prejudice to appellant, the judgment should not be reversed or affected. Section 104-14-7, R. S. 1933.

Appellant contends that the decree entered December 12, 1925, was a final decree, and the court had no jurisdiction to modify the same in the proceedings now before us. By its original decree the court retained jurisdiction to December 12, 1930, to modify such decree and to enter a supplemental decree based upon the conditions and rights as should be shown to exist at a final hearing. It is not necessary to a decision of the matter now before us to determine the exact limits of the jurisdiction thus retained. Aside from the attempt of appellant to show that Summit Spring is not a part of the Virgin river system, which contention has already been disposed of, none of the parties before us questions the adjudication of the spring water made by the original decree, but, on the contrary, all rely thereon as the source of their present right and title to said water. The effect of the decree entered upon the proceedings before us was not to question or in anywise impair or repudiate anything adjudicated in the original decree. All that was done was to decree that the waters of said spring, formerly adjudged to be owned by Gubler and Blake, were now owned by the parties hereto as successors in interest of Gubler and Blake. We think that the retention of jurisdiction by the court under the language used therein would include the right to take cognizance of any change in ownership of the water of Summit Spring occurring before the entry of the final decree so as to show in the final decree the ownership as it should exist at the time such final decree was entered. In addition, as already pointed out, we cannot see wherein appellant can be prejudiced by the court determining the present ownership of the rights formerly held by Gubler and Blake in this proceeding rather than in some new and independent action. By his objections filed herein, appellant requested the court to decree to him three-eighths of the water of the spring as a successor in interest of Gubler. We see no merit, therefore, to his contention that the original decree was final. The retention of jurisdiction for a limited time in an adjudication of water

rights similar to the one involved in the matter now before us and the modification of the decree upon petition by an interested party filed within the time the court retained jurisdiction was before this court in the case of *Garrison* v. *Davis,* 88 Utah 358, 54 P. (2d) 439. There, as here, no one questioned the right of the court to retain such jurisdiction. In that case, it was held that a grantee of a party to the original proceeding would be bound by the decree entered therein and that he would be entitled to a hearing upon his petition for modification the same as would his grantor had the latter not conveyed his right.

Appellant asserts that because the petition alleges that the spring was fifteen miles from the Virgin river and petitioners had no reasons to believe it would be connected with the Virgin river in the adjudication of the rights to the waters of that river and that Gubler and Blake had abandoned the waters of said spring prior to the commencement of the adjudication proceedings and the award to them of said spring was due to misunderstanding, nullified any claim of petitioners to the water of said spring. In their evidence, however, petitioners did not attempt to show that said spring was not a part of the Virgin river system, but, on the contrary, produced evidence tending to show that it was a part of said system. Likewise, their evidence showed they acquired their interest in the spring from Blake by a deed of conveyance. Appellant did not object to this evidence on the ground that it was at variance with the petition. We do not think that the allegations of the petition can be construed as definitely alleging that Summit Spring is not a part of the Virgin river system, but rather they constitute a reason or excuse for petitioners' failure to appear in the original proceeding. While the allegation that Gubler and Blake had abandoned the water of said spring might be considered inconsistent with a claim of ownership through one of them subsequent to such abandonment, nevertheless the petition does allege and rely upon a conveyance from Blake. No objection was made to such inconsistency,

and evidence of a conveyance from Blake would certainly be within the issues raised by the petition. Since the question now considered was not raised in the trial court, and in view of section 104-14-1, R. S. 1933, we are of the opinion that the variance, if any, between the petition and the proof cannot be here relied upon as ground for reversal. *McCall Co.* v. *Jennings,* 26 Utah 459, 73 P. 639.

Appellant next contends that the trial court erred in failing to make any findings of fact upon certain issues raised by the petition and the answer and objections to the petion. The first of these is whether Summit Spring is a part of the Virgin river system. We have already indicated that, even though it be assumed that Summit Spring was not a part of that system, no useful purpose could be served in dismissing the proceedings and compelling the parties to relitigate the issues decided by the court. Likewise, appellant requested the court to award him three-eighths of the water of said spring, which prayer could only be granted, according to his own theory, upon the assumption that the spring formed a part of the water system being adjudicated. Under such conditions, we feel that a reversal should not be ordered simply because the court did not enter a formal finding that the spring is a part of the Virgin river system.

Appellant complains because the court did not make findings covering the following issues claimed to be raised by the pleadings: Whether Gubler and Blake had abandoned the waters of Summit Spring; whether petitioners had acquired a diligence right to the spring by appropriation and beneficial use prior to 1903; whether the water of said spring was unappropriated on October 23, 1928, when George M. Cannon, Jr., made application therefor to the state engineer. Conceding, for the purpose of argument, that the issues above mentioned were raised by the pleadings and that the court should have made findings of fact with reference thereto, we cannot see how appellant can claim reversible error because of the absence of such

findings in view of the record before us. There is not the slightest evidence in the record that Gubler and Blake abandoned the waters of Summit Spring prior to the decree of 1925. Indeed, the record shows they claimed and were awarded the waters of the spring in that proceeding and all of the parties to the present proceeding are claiming by virtue of conveyances from them made since the decree of 1925. Likewise there is no evidence that petitioners appropriated the waters of said spring prior to 1903 or at any time. Their claim to the spring water is based upon a conveyance from Blake made since the entry of the decree of 1925. There is evidence that petitioners have watered their stock a good many years from the water from the spring the same as other cattlemen in that vicinity have done, but such evidence does not show an appropriation adverse to the claims of Gubler and Blake. There is no evidence whatever in the record that Cannon made application to appropriate the water of said spring in 1928 or that he transferred his rights under such application to appellant. A certified copy of the application was offered in evidence, but the court refused to receive it. No error is predicated on such ruling, and the same is not before us for review. Even though it be assumed that it was error for the court to fail to make findings of fact on the points just discussed, no prejudice could result to appellant because of said failure, as the only findings that could have been made under the record before us, as already outlined, would have been in support of the judgment that was entered in so far as these particular points were concerned. If the court had made findings covering such matters, it, of necessity, would have had to find that Gubler and Blake had not abandoned their rights in said spring, that petitioners had not acquired a diligence right, and that the waters of said spring were not subject to appropriation on October 23, 1928, and appellant had no rights under any existing application to appropriate said water. Since all parties claimed through Gubler and Blake and since the court awarded them rights to said waters as the grantees of Gubler and Blake, such find-

ings, if made, would have been in support of the judgment so made. In such case a reversal will not be ordered. *Parowan Mercantile Co.* v. *Gurr*, 83 Utah 463, 30 P. (2d) 207 ; *Piper* v. *Eakle*, 78 Utah 342, 2 P. (2d) 909.

In his third and fourth assignments of error, appellant contends that the evidence does not sustain the decree awarding five-eighths of the water of Summit Spring to the State Road Commission and two-eighths thereof to petitioners. That Gubler and Blake were the owners of the right to use the waters of Summit Spring in 1925 is settled by the original decree and the absence of evidence showing any right in any of the parties hereto prior to that time or through any source other than conveyances from Gubler and Blake since 1925. Since the claims of the parties here before us are all predicated upon conveyances from Gubler and Blake, their rights must be determined thereby. All of these instruments were read into the record and reveal the following facts : On July 30, 1926, Blake executed a quitclaim deed to Petty conveying all his interest in the waters of Summit Spring. This deed was not recorded until February 24, 1930. On July 30, 1926, Gubler executed a quitclaim deed to Petty conveying his interest in said water, but reserved a one-half interest for watering livestock. This deed was recorded February 24, 1930. The testimony of Petty and Gubler shows that, when the latter gave the former the deed above referred to, it was understood that it conveyed only a three-eighths interest in the water of said spring and that Gubler reserved a three-eighths interest. It was also understood that Petty would acquire the two-eighths interest which Blake owned and that Petty would thereby become the owner of five-eighths of said water and Gubler would retain the remaining three-eighths. Petty did not claim to have acquired any more than three-eighths from Gubler. On August 4, 1927, Petty made an assignment to the State Road Commission which contains the following language :

"I hereby convey, assign and transfer to the State Road Commission of Utah all right, title and interest in Summit Spring, Washington

County, which I may own by virtue of quit-claim deed from Herman Gubler, dated July 30, 1926, both of which deeds are on file in the State Engineer's office."

Nowhere in this assignment did Petty convey any interest which he had acquired from Blake, so that all the State Road Commission acquired by such assignment, so far as the rights formerly held by Gubler and Blake are concerned, was the three-eighths interest which was conveyed by Gubler by the deed expressly referred to in the assignment above quoted. There is nothing in the record to show that Petty ever actually conveyed to the State Road Commission the interest covered by the deed to him executed by Blake. There was nothing in the assignment above referred to that would give any one notice that he was conveying any interest obtained from Blake.

On February 18, 1929, a quitclaim deed from Blake to Hafen and Frei, two of the petitioners herein, conveying an undivided one-half interest in two one-hundredths of a second foot of water of Summit Spring to said Hafen and Frei, was acknowledged and was filed for record on the same date. This deed is dated August 13, 1929, the year evidently being an error when considered in the light of the date of the acknowledgment and recording. The evidence shows that the flow of water from Summit Spring amounts to about two one-hundredths of a cubic foot per second. However, under the evidence it appears that Blake did not own one-half of the flow of said spring but only owned a one-fourth interest. Consequently, it would appear that Hafen and Frei acquired only a one-fourth interest in said water. There is no evidence that they had any notice or knowledge of the deed theretofore given by Blake to Petty, which was not recorded until February 24, 1930. As already indicated, the State Road Commission did not acquire Petty's interest, if any, obtained from Blake, by any transfer to the commission. Appellant, Lowe, makes no claim to any interest formerly held by Blake. It appears, therefore, that as between the parties here before us, Hafen and Frei are the

owners of two-eighths of the waters of Summit Spring for stock-watering purposes by virtue of the deed to them by Blake. While their deed conveyed a half interest, the trial court awarded them a two-eighths interest, and they have made no appeal from that award.

On May 4, 1929, Gubler executed a warranty deed to appellant Lowe conveying an undivided three-eighths interest in the waters of Summit Spring. This deed was recorded May 25, 1929. By this deed, Gubler conveyed the three-eighths interest which he had not conveyed to Petty.

It follows from the foregoing that the evidence does not support the decree of the court awarding the State Road Commission five-eighths of the waters of Summit Spring and appellant only a one-eighth interest. The court should have decreed a three-eighths interest to the State Road Commission and a three-eighths interest to appellant, Lowe. As shown, the awarding of a two-eighths interest to Hafen and Frei is fully supported by the evidence.

The remaining assignments of error urged by appellant deal with alleged errors arising from the entry of a decree not responsive to the pleadings; from the entry of the decree after the court allegedly lost jurisdiction to adjudicate title or ownership of the water of Summit Spring, since the original decree was final; from permitting new parties to come into the action after the original decree had been entered; and from the overruling of appellant's motion for a new trial. A discussion of these assigned errors would serve no useful purpose, as we feel that they are all disposed of by what has already been said.

Appellant raises the question as to whether the State Road Commission is legally capable of owning water of Summit Spring. In view of our holding that appellant should be awarded the three-eighths interest which he claims and which comprises all he can claim under the record before us, whether the State Road Commission can legally hold title to a part of the water becomes a moot question. Appellant is in no position in this case to challenge the right

of the Road Commission to hold title to such water. We, therefore, need not express any opinion upon that matter.

We have held heretofore in the case of *Logan, Hyde Park & Smithfield Canal Co.* v. *Logan City,* 72 Utah 221, 269 P. 776, 778, that "the purposes of an action to determine rights to the use of water, and the legal principles by which it is controlled, are the same as in an action to determine title to real estate." We think the proceedings before us are to be regarded as being equitable in nature. It would follow, therefore, that this court, instead of remanding the matter back to the trial court for a new trial, should, under the state of the record before us, order judgment to be entered in conformity with our views herein expressed.

That part of the decree awarding to petitioners Hafen and Frei two-eighths interest in the waters of Summit Spring for stock-watering purposes is affirmed. As to appellant, Lowe, and the State Road Commission, said decree is hereby ordered modified so as to award three-eighths interest in the waters of Summit Spring to appellant, James L. Lowe, and a three-eighths interest therein to the State Road Commission of the State of Utah. Costs to appellant.

FOLLAND, C. J., and MOFFAT, WOLFE, and LARSON, JJ., concur.