## OLSEN v. REESE.

No. 7175.   Decided December 16, 1948.   (200 P. 2d 733.)

See 53 C. J. S., Licenses, sec. 59; 34 Am. Jur. 384. Failure to procure license as affecting validity or enforcement of contract, note, 118 A. L. R. 646.

Rehearing denied Feb. 7, 1949.

*Leon Fonnesbeck,* of Logan, for appellant.

*Newel G. Daines,* of Logan and *L. DeLos Daines,* of Salt Lake City, for respondent.

LATIMER, Justice.

The controversy in this action arises over the sustaining of a general demurrer to plaintiff's complaint and a dismissal of the action by the trial court during the presentation of plaintiff's evidence. The facts and circumstances leading up to the dismissal are susbtantially as recited.

Plaintiff commenced an action in the City Court of Logan City to recover upon a written contract for services performed and materials furnished in remodeling defendant's premises. Defendant filed a general demurrer which was overruled by the judge of the city court. Thereafter, an answer was filed, the case proceeded to trial, and plaintiff recovered a judgment against the defendant in the sum of

$221.00. Being dissatisfied with the judgment, the defendant appealed to the District Court of the First Judicial District. After plaintiff and defendant had made certain amendments to the pleadings in the district court, not material to the issues in this case, the matter proceeded to trial. During the cross-examination of plaintiff, it was made to appear that at the time the contract was dated, plaintiff was not a licensed contractor in this state. The trial judge thereupon suggested he would dismiss the action, and upon motion of the defendant, ruled that the complaint did not state a cause of action and that plaintiff had failed to prove a cause of action for the reason that plaintiff had not alleged and had not established he was a licensed contractor in this state at the time the contract was executed. The jury was thereupon excused, and the case dismissed.

From the record it appears that the written contract was dated on the 20th day of March, 1946, and that plaintiff did not obtain a contractor's license until the 22nd day of March of the same year. However, defendant had been engaging in the contracting business for at least one year prior to the time the contract was executed and had performed preliminary services on this job prior to that date. While the remodeling work may not have actually commenced until after the license was obtained, there is included in the record a plan or sketch of the premises showing the nature and extent of the contemplated work to be done. This sketch was prepared by the plaintiff and served as the plans and specifications for the job and was used by him for the purpose of determining the contract price. The preparation of this sketch, the computation of the amount of the bid, and the preliminary matters incidental to the preparation of the contract were all performed prior to the 20th day of March, 1946.

During the discussion in the trial court just prior to the dismissal of the action, plaintiff offered to prove and tendered evidence to the effect, that while the contract was dated

March 20, 1946, it was not signed until a date later than the 22nd day of March, 1946, which would be subsequent to the time the license was obtained. The introduction of this evidence was objected to on the grounds that it was incompetent as tending to vary the terms of a written instrument. The court did not rule on the objection, apparently treating the evidence as immaterial.

We believe plaintiff's assignments of error sufficient to raise three important questions that should be answered:

1.   Did the complaint state a cause of action?
2.   Was plaintiff's written contract void?
3.   Was plaintiff's proffered testimony sufficient to permit the action to proceed to judgment?

We hold the trial judge did not commit error when he sustained the general demurrer to the complaint. The complaint, under previous holdings of this court, was totally deficient. As will be pointed out later, the error was in not permitting the plaintiff to amend his complaint to meet the issue of not having a license. While the ruling on the general demurrer is immaterial in view of the dismissal, we have concluded to pass on the sufficiency of the complaint as this question involves both a procedural and substantive question about which there is some uncertainty.

In the city court respondent filed his general demurrer to the complaint. This demurrer was overruled and defendant subsequently answered. After trial, the action was appealed to the district court and neither party requested the district judge to rule on the general demurrer. The ruling of the city court would be final unless and until it was overruled by the district court. If the complaint did not state a cause of action, the ruling of the city court could be challenged in the district court at any time during the proceedings. It was raised in this action by objecting to the introduction of any evidence but the court was not informed as to the reasons why the complaint was defective. Ob-

viously, the one claiming the city court erred should apprise the district court wherein the complaint is insufficient. If the complaint could be amended so as to state a cause of action, then the district court should permit the amendment and not dismiss the cause.

Section 79-5a-1, U. C. A. 1943, provides as follows:

"It shall be unlawful for any person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, to engage in the business or act in the capacity of contractor within this state without having a license therefor as herein provided, unless such person, firm, copartnership, corporation, association, or other organization is particularly exempted as provided in this act."

We are of the opinion the complaint was vulnerable to a general demurrer. There are authorities holding that it is not necessary for a plaintiff to allege he is a licensed contractor. These cases arrive at that conclusion because a person is not persumed to violate a penal statute and unless the matter is raised by affirmative pleadings on the part of the defendant, the law presumed a compliance with the law. However, this court is committed to a contrary doctrine. In the case of *Smith* v. *American Packing & Provision Co.*, 102 Utah 351, 130 P. 2d 951, 959, Mr. Justice McDonough stated the law in this jurisdiction to be as follows:

"Appellant contends that all of the matters raised by defendant constitute matters of defense which plaintiff does not have to negative. However, the general rule is that where a person seeks recovery for professional services for which a license is required as a condition precedent to the rendition of such services for a fee, such person must allege and prove facts, which show he was licensed at the time such services were performed or that he was exempted from the class required to have such license. *Westbrook* v. *Nelson*, 64 Kan. 436, 67 P. 884; *Swift* v. *Kelly*, 63 Tex. Civ. App. 270, 133 S. W. 901; *Hoxsey* v. *Baker*, 216 Iowa 85, 246 N. W. 653. The facts as to license and qualifications for performing professional services are almost without exception better known to the person holding such a license than to the adverse party. It might be extremely difficult for a person defending an action based on alleged professional services to negative

the existence of a license or show that claimant does not come within the exceptions of the statute."

In accordance with our holding in the previous case, in order to state a cause of action, it was necessary for plaintiff to allege he was a licensed contractor at the time the contract was entered into.

The testimony established that at the time the contract was dated, plaintiff had not complied with the provisions of Section 79-5a-1, U. C. A. 1943. However, it is claimed that the license was obtained prior to the time plaintiff commenced remodeling the premises and that doing the preliminary work leading up to the signing of the contract did not constitute carrying on the business of a contractor. In this particular case we are not required to pass on this question as plaintiff, for a period in excess of one year, had been engaged in the business of a contractor without having obtained a license and those duties of his business which he had to perform to obtain this contract, namely, the preparation of work sheets, and designs and computations of the job, were performed during the time plaintiff testified he was in the contracting business. If plaintiff were to plead and prove that his license was obtained prior to the date the contract was signed, then his prior activities would not preclude him from relying on the written instrument. However, he predicates his present right to recover on a contract in writing which appears to have been executed while he was still operating in violation of the statute.

The authorities are fairly uniform to the effect that failure to obtain a license which is required by a statute enacted solely for revenue purposes does not render contracts made by the offending party void. On the other hand, contracts made by an unlicensed contractor when in violation of a statute passed for the protection of the public are held to be void and unenforceable. Our statute is so worded as to indicate a legislative intent to protect the citizens from irresponsible contractors.

The statute, while not comprehensive, provides for a small license fee. Control over the contractor is given to the Department of Registration. Upon an appropriate hearing, the department may, for unprofessional conduct, suspend or cancel the license. Good reputation and integrity are essential to obtaining a license and the entire object of the statute is protection of the public against fraudulent and illegal practice, which have always been recognized as a distinct characteristic of statutes, which are not mere revenue measures. The statute being enacted for the protection of the public, plaintiff's written contract is void unless it is competent and permissible for him to establish that the date when it was actually executed and delivered was later than the date of execution shown in the contract.

We do not pass on the question as to whether or not plaintiff might recover upon the theory of quantum meruit for the reason that the pleadings are not sufficient to raise this question and many ancillary problems might be presented if plaintiff were to elect to proceed on that theory.

The last question is not without difficulty. Plaintiff, in making a tender of proof, testified that the contract was not signed on the date shown in the instrument. He further testified the actual date of signing was subsequent to the 20th day of March, 1946, and on a date subsequent to the date his license was issued. The trial judge gave no heed to this testimony as the record indicates he adhered to his earlier statement that he would dismiss the action if the defendant would make an appropriate motion. This evidence, if entitled to be considered, would permit plaintiff to allege a cause of action and entitle him to have the cause submitted to a jury. The authorities are practically unanimous to the effect that parol evidence is competent to establish the true date of execution and delivery of the contract regardless of the fact that it differs from the date shown in the body of the contract. While the date shown in the contract may be presumed to be the date

of execution, this presumption is rebuttable and parol evidence is acceptable for this purpose. American Jurisprudence, Vol. 20, Evidence, p. 977, states the general rule to be as follows:

"An exception is recognized to the parol evidence rule in the case of dates upon instruments. It is said that the rule that parol evidence cannot be received to contradict a written contract does not apply to the date, which may be contradicted whenever it is material to the issues to do so, or, if lacking, may be supplied by parol or other competent testimony. The true date of the execution and delivery of a contract may be shown by parol, at least where the instrument contains no date. This is true even as to instruments which are required by the statute to be in writing, such as chattel mortgages."

The evidence being competent, the remaining question is whether or not plaintiff proceeded properly to get the issue before the court. On this matter, the record bespeaks confusion. This undoubtedly is chargeable to the suddenness of and the suprise in plaintiff's disclosure that he was not a licensed contractor. No issue on this matter had been raised by the pleadings and apparently neither party was prepared to furnish the court with citation of authorities that had already passed on the rule. No request was made for amendments to the pleadings to present the issue or to conform to the proof. However, plaintiff did request that he be permitted to introduce further testimony, that the matter be submitted to the jury and the legal principles determined upon a motion for new trial. In addition, that he be given time in which to argue the general demurrer and furnish the court with authorities on the subject. Had the court granted either of plaintiff's requests, a reasonable opportunity would have been afforded to both parties to properly present the questions involved. Rights should not be determined by confusion and surprise. The record convinces us the trial judge was firm in his conviction that plaintiff could not state a cause of action or prove a case under any circumstances. The demurrer was sustained without affording plaintiff an opportunity to amend his pleadings and if the uncon-

troverted evidence as to the date of execution be considered by us as establishing the true date, then plaintiff can allege a cause of action as the license would have been obtained prior to the time the contract was executed.. The statement by the trial judge as to his understanding of the law indicate that it would have been futile for plaintiff to have requested other or further consideration.

We are of the opinion the trial judge erred in sustaining the general demurrer without leave to amend and dismissing the case. We accordingly reverse the judgment of the dismissal and the order sustaining the demurrer and remand the cause for a new trial. The parties are to be permitted to amend their pleadings if they so elect. Costs to appellant.

McDONOUGH, C. J., and PRATT, and WOLFE, JJ., concur.


WADE, Justice.

I concur. However, I think that the plaintiff should be given leave to amend his complaint to not only show that the date the contract was signed was after the plaintiff was a licensed contractor, but also to allege that the work was performed after he had become a licensed contractor and to ask for compensation on the grounds of quantum meruit. I suggest this because if it is shown that the contract was entered into before plaintiff procured his contractor's license still he may be entitled to recover pay for the work which he performed after that license was procured on the basis of quantum meruit and should be able to present this theory of his case in one trial if he so desires.