EKLUND et al. v. ELWELL.

No. 7256.   Decided November 18, 1949.   (211 P. 2d 849.)

See 53 C. J. S., Licenses, sec. 59. Objection as to failure to plead cause of action, see note, 145 A. L. R. 677. See, also, 41 Am. Jur. 442.

*Ira A. Huggins,* Ogden, for appellant.

*P. LeRoy Nelson,* Ogden, for respondents.

PRATT, Chief Justice.

This is an appeal by the defendant from a judgment rendered against him, and in favor of plaintiff, for the furnishing of material and labor in installing certain electric wiring and equipment in a gas station of defendant's in Ogden, Utah.

The negotiations for this job were conducted by and in the name of the Empey Electric Company through one H. B. Empey; and defendant contends that he was not at any time, dealing with plaintiff and did not know plaintiff in the matter at all; and that a part of the agreed price for the work included an offset of a sum due defendant from said H. B. Empey. He claims further that the account was transferred to this plaintiff to defeat his alleged offset.

The lower court awarded judgment for plaintiff and subsequently modified his award by allowing an offset in favor of defendant. There are other details to the case not material here.

Neither the pleadings nor the findings of fact include any statement that plaintiff nor Empey was licensed as a contractor by the State of Utah, as required by Section 79-5a-1, U. C. A. 1943 which reads:

"It shall be unlawful for any person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, to engage in the business or act in the capacity of contractor within this state without having a license therefor as herein provided, unless such person, firm, copartnership, corporation, association, or other organization is particularly exempted as provided in this act."

Recently this court has had occasion to pass upon the necessity of such a license and held, *Olsen* v. *Reese*, 114 Utah 411, 200 P. 2d 733, that the possession of ■ such a license is a necessary allegation in the pleadings; and that such a contract entered into without a license is void.

Defendant demurred to plaintiff's complaint as not stating a cause of action. The demurrer should have been sustained. Plaintiff, however, contends that this error in the complaint was not called to the attention of the lower court, but was raised for the first time in this ■ court. Quite aside from the fact that a failure to state a cause of action is an objection that may be raised at any time, the findings of fact on their face show the judgment is void for lack of a finding that plaintiff has such a license, and the testimony in the case is to the effect that plaintiff did not have a license.

Plaintiff contends that Empey as his agent had a license, but, under plaintiff's theory, Empey was not ■ the responsible party, the contractor; and such fact, if true, would not relieve the contractor from the requirements of the statute.

We are of the opinion that the case cited above is decisive of this case. The judgment of the lower court is reversed and the cause remanded with directions to the lower court to dismiss the action.

Costs to appellant.

WADE and McDONOUGH, JJ., concur.


WOLFE, Justice.

I concur in the result. I have had a lingering doubt as to the correctness of our holding that a plaintiff in a licensed business is required to plead that at the time of the making of the contract, he was licensed to do the busi-

ness in pursuance of which the contract was made. Each time the question comes up there is renewed in my mind the question of whether it should not be pleaded as a defense, but I bow to the law already laid down in that respect in this jurisdiction.

While we have said many times that a failure to state a cause of action may be raised at any time, we have, and I think correctly, by resorting to presumptions, refused time and time again to consider in this court, the question of whether a complaint stated a cause of action unless it was properly raised in the lower court and that court given a chance to rule on it. A failure to state a cause of action is foundational but not jurisdictional. See *Atwood* v. *Cox*, 88 Utah 437, 55 P. 2d 377. Personally, I think if it is not raised in the lower court, this court, as in all other questions arising in a case, should refuse to consider it. It would seem that it should not be raised in this court without an assignment of error, and I fail to see how there can be error below if the lower court never ruled on the question of law, if it were not for Sec. 104-8-6, U. C. A. 1943. It may be that the court itself should not permit a matter to go to judgment where there is an infirmity in the foundation of that judgment, but the question here has gone beyond the domains of the trial court. Without now taking the time to run down the genealogy of the expression "can be raised at any time," it is possible that what was meant was any time in the lower court by objection to evidence on the ground it was not within the issues or by some other means after the time for filing a demurrer had passed.

But where a demurrer has been filed on the ground that the pleading demurred to does not state facts sufficient to constitute a cause or a defense as the case may be and the same is overruled when it should have been sustained for the reason that the real legal infirmity in the pleading was not called to the attention of the lower court, I think we should treat the matter as if it had been called to the court's attention and nevertheless overruled. Of course, courts are not

omniscient and must and should have all assistance possible from counsel, but if some necessary allegation is omitted and overlooked by the court and counsel in cases where a trial of law seems to have been had, we should as a matter of policy consider all legal questions involving the legal sufficiency of the pleadings as having been raised in the lower court and ruled upon. Therefore, I would treat this matter as if the question of the necessity of pleading the license of the Eklund Electric Company in order to state a cause of action had been raised and ruled upon adversely to the defendant. I call attention to the fact that this is not the case of the question having been raised for the first time in this court such as where no demurrer had been filed.

I do not agree with the statement in the opinion that the lack of a finding that plaintiff had a license would render a judgment void. Void judgments are the fruit of a tribunal entering a judgment when it has no jurisdiction of the subject matter or party or both. See *Atwood* v. *Cox*, 88 Utah 437, 55 P. 2d 377. But I think it useless to send this case down for deficiency in the findings when the evidence is uncontradicted that the Eklund Electric Co. had no license.

I, therefore, concur in the result.

LATIMER, Justice.

I concur in the results.

We need not pass on the question of whether or not the judgment is void. The contract sued upon is unenforceable and this defeats plaintiff's right to recover.