371 P.2d 642

**GENERAL INSURANCE COMPANY OF AMERICA, a Corporation, Plaintiff and Respondent,**

v.

**Paul J. HENICH, d/b/a P. G. & H. General Contractors, Ellen Jane Henich, his wife, Defendants,**

**Max S. Andrews and Ned E. Shurtleff, individually and as a co-partnership d/b/a Shurtleff & Andrews Construction Company, and Shurtleff & Andrews, Inc., a Utah Corporation, Defendants and Appellants.**

No. 9596.

Supreme Court of Utah.

May 28, 1962.

Clyde & Mecham, Elliott Lee Pratt, Salt Lake City, for appellants.

Hurd, Bayle & Hurd, Wallace R. Lauchnor, Salt Lake City, for respondent.

CALLISTER, Justice.

This is an action by an insurer against a contractor and his indemnitors for moneys paid under the terms of a performance bond. From a judgment in favor of plaintiff and against the indemnitors the latter appeal.

The facts, as found by the trial judge and disclosed by the record, are as follows:

On December 23, 1959, Paul J. Henich, d/b/a P. G. & H. General Contractors, was awarded a contract to construct a faculty residence at the Convent of St. Joseph, Ogden, Utah. The contract was in the amount of $140,000 and required a performance bond of the contractor. Henich contacted Mr. Dale Barton with reference to securing a bond. Barton is an insurance agent, representing the plaintiff insurance

company, with whom Henich had done business in the past. Barton issued a bond in the principal sum of $140,000, requiring only an indemnity agreement from Henich and his wife.

Some time during the week of January 25, 1960, Henich approached Barton and requested another performance bond in the amount of $271,030 to guarantee his performance in constructing a building for the Intermountain Terminal Company. Barton advised Henich that his financial position did not justify the issuance of this new bond because of the existing obligations under the Convent contract and that additional indemnitors would be required.

A day or so later Henich informed Barton that he could obtain the defendant Shurtleff and Andrews, Inc. as an indemnitor. A financial statement of this corporation was submitted to Barton who concluded that it did not have sufficient assets to undertake such indemnity. Henich then advised Barton that, in addition to the corporation, the defendants Shurtleff and Andrews, as individuals and as co-partners doing business as Shurtleff & Andrews Construction Co., would sign as indemnitors. Financial statements of the individuals and the partnership were obtained and submitted to Barton. The latter told Henich that the indemnity agreement would have to cover the Convent contract as well

as the Terminal contract inasmuch as they were to be performed simultaneously.

An indemnity agreement was prepared and executed by all the defendants, with the exception of Ellen Jane Henich, and the bonds issued. It is not ascertainable from the record the exact date upon which the agreement was executed, but it was subsequent to January 25 and prior to February 1, 1960. However, it was dated December 23, 1959, and acknowledged as of that date by a notary public. Also submitted to Barton was a resolution of the defendant corporation authorizing the officers to execute the indemnity agreement. This resolution also bore the date of December 23, 1959.

In July of 1960 it became apparent that Henich was in difficulty and was in default of both contracts. The defendant indemnitors assumed the responsibility for the Convent contract, but refused to indemnify the plaintiff for the Terminal job.

The main contention of the indemnitors revolves about the date of the indemnity agreement. They contend that the trial judge erred in refusing to dismiss the action at the close of plaintiff's case upon the ground that plaintiff had failed to prove a prima facie case based upon competent evidence. They argue that the trial court erred in admitting the indemnity agree-ment, bearing date of December 23, 1959, (when the Terminal contract was not in existence), and then permitting plaintiff to impeach and contradict the document by parol evidence to the effect that it had been executed subsequent to January 25, 1960.

It is true that, as a general rule, the party introducing a written document must live by its terms and cannot later be heard to impeach it. However, this rule has its exceptions, one of which relates to the dates upon the documents. Parol Evidence is competent to establish the true date of execution and delivery of an agreement regardless of the fact that it differs from the date shown in the body of the agreement.[1] In the instant case there is more than ample evidence upon which the court could find that the true date of the execution and delivery of the indemnity agreement and the corporate resolution was some time between the 25th and 30th of January, 1960, rather than December 23, 1959. It seems obvious that the indemnity agreement and the corporate resolution were back-dated to December 23, 1959, in order to conform to the date of the Convent contract.

The indemnity agreement specifically included both the Convent and Terminal contracts and the indemnity was specifically limited to these two contracts. There was

1. Olsen v. Reese, 114 Utah 411, 200 P.2d 733.

some contention that the provision relating to the Terminal contract was added to the instrument after it had been signed and delivered. The trial court concluded that there was no indication of a material alteration, erasures, additions or deletions and that the agreement "was on its face, like it is today." This finding cannot be disturbed because of the lack of clear and convincing evidence to the contrary.[2]

Affirmed. Costs to respondents.

WADE, C. J., and HENRIOD, McDONOUGH. and CROCKETT, JJ., concur.

2.  Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 952.