384 P.2d 401

Maurice LYMAN, Plaintiff and Appellant,

v.

Arthur L. TAYLOR and Irmgard P. Taylor, his wife, Defendants and Respondents.

No. 9787.

Supreme Court of Utah.

Aug. 13, 1963.

Dwight L. King, Salt Lake City, for appellant.

George H. Searle, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a dismissal of plaintiff's cause of action. Affirmed. Costs to defendants.

Plaintiff Lyman, representing himself to be a contractor authorized to build homes, which he wasn't, agreed in writing to build a house for defendants Taylor. A dispute arose and a release agreement was executed in which Lyman agreed to release Taylors from the contract and any other claims,

for $1,000. Part of the amount was paid, but on failure of Taylors to pay the balance, Lyman sued under the terms of the release. Taylors countered on the ground that Lyman was not a licensed contractor, —an admitted fact,—that the construction contract, therefore, was against public policy and hence not such as was enforceable,[1] and that any agreement resulting therefrom equally was tainted. With this contention we agree, otherwise an enforceable contract could rise from the funeral pyre of one that was void, resulting in complete contravention of the letter and spirit of the legislation which renders unenforceable contracts by unlicensed contractors, subject to regulation,—all in the public interest.

The argument that there was consideration for the release is justified by the fact that there was. The same argument is true of the original contract out of which birth was given to the release. Difficulty is that whether there was consideration for the original contract is of no moment since the licensing statute struck it down irrespective of the question of consideration. The statute precludes enforceability of a contract by an unlicensed contractor irrespective of the terms thereof or the consideration for it. There is no reason to

1. Title 58–6–1, Utah Code Annotated 1953, repealed and re-enacted in substance in 58–23–1, (Laws of Utah 1957, Ch. 115, Sec. 1; 1961, Ch. 137, Sec. 1). Olsen v. Reese, 114 Utah 411, 200 P.2d 733 (1948); Eklund v. Elwell, 116 Utah 521, 211 P.2d 849 (1949); 12 Am.Jur. 717, Sec. 210, Contracts.

**364**

say the statute can be circumvented by a new document called a release whose very existence was born of a contract interdicted by the statute as being ineffective and unenforceable by the courts. Otherwise another document containing identical terms, with minor exceptions, could legitimize that which the legislature obviously intended to make illegitimate.[2]

McDONOUGH, CROCKETT, CALLISTER and WADE, JJ., concur.

2. Brown v. Jennett, 130 Iowa 311, 106 N.W. 747, 5 L.R.A.,N.S., 725, contra.