**David WHYTE et al., Plaintiffs and Respondents,**

v.

**Derl CHRISTENSEN and Mrs. Derl Christensen, Defendants and Appellants.**

No. 14151.

Supreme Court of Utah.

May 27, 1976.

Don Blackham and Mikel M. Boley, of Blackham & Boley, Granger, for defendants and appellants.

Homer F. Wilkinson, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Plaintiffs, David Whyte and his sons, David B., Dan and Terry, brought suit to recover wages for construction work they performed on home of the defendants, the Derl Christensens. The principal ground of defense was that the plaintiff was acting as a contractor without a license and thus precluded from collecting.[1] Defendants also counterclaimed for damages of $1,000 alleging failure to do the work in a proper and workmanlike manner. A jury found the issues in favor of the plaintiffs for wages in the sum of $1,599.60 and rejected defendants' counterclaim. From a judgment entered in accordance therewith, defendants appeal, contending (1) that the evidence does not support the verdict and

---

1. See *Lyman v. Taylor*, 14 Utah 2d 362, 384 P.2d 401 (1963) ; *Eklund v. Ewell*, 116 Utah 521, 211 P.2d 849.

(2) that the court did not properly instruct the jury.

Plaintiff David Whyte and Defendant Derl Christensen are fellow employees in the postal service. In the summer of 1973 they talked about defendant's plan to build an addition on his home in Granger. Defendant Christensen had had little experience in such matters but plaintiff Whyte was an experienced carpenter and builder though he was not a licensed contractor. An understanding was arrived at that plaintiff Whyte and his sons would work on the project; and there was discussion to the effect that the father, David Whyte, would receive compensation equal to his pay at the post office (range of $5 to $7 per hour) and that his sons would receive a lesser amount of $4 per hour.

A building permit was taken out in Mr. Christensen's name. Work was begun in September, 1973, and completed in January, 1974. Mr. Whyte contacted all of the workers needed for specialty services, such as plumbing, wiring, and heating. Bills for these services were sent to Mr. Whyte, who presented them for payment to Mr. Christensen. After the work was completed the plaintiff submitted a bill for a remaining balance of $4001.79, which included materials which had been purchased and $1,-599.60 for hourly labor charges performed by plaintiff Whyte and his sons. Defendant complained that this bill was too high and refused to pay. However, prior to the filing of this suit defendant had paid for the materials, leaving in dispute only the question of whether plaintiffs could collect for their labor, and, if so, the amount thereof.

■ In view of the fact that it is undisputed that the plaintiffs performed the construction work on the defendants' home, there would normally arise at least an implied contract that they should receive reasonable compensation. The defense asserted that the plaintiffs were acting as a contractor without a license, is a technical and affirmative defense, upon which the defend-

ants had the burden of proof. Upon disputed evidence the jury accepted plaintiffs' view that in doing the work they were employees of the defendants, rather than operating under an independent contract.

■ Defendants argue that the reason the jury found against them on the issues is that in its instructions the court did not make plain the difference between an independent contractor and an employee. This argument is focused upon instruction No. 5 wherein the court told the jury that among the tests to apply in determining whether plaintiff was an independent contractor or was an employee of the defendant are:

1. Did the defendant have the right to control the work of the plaintiff.

. . .

2. Did the defendant have the right to terminate David Whyte or any other craftsman at any time he saw fit?

3. Was the plaintiff working for wages at an hourly rate, and did the defendant on prior occasions pay him his wages based on an hourly rate?

4. Did the defendant have the right to make additions to the alterations to his home, or to subtract at any time from instructions given on a prior occasion?

Defendants' argument is that because the defendants were the home owners for whom the work was being done, the jury would naturally assume that they had the rights mentioned in paragraphs 1, 2, and 4 of the instruction and thus conclude that the Whytes were employees rather than independent contractors. Plaintiffs' rejoinder is two-fold: (1) that there is no misstatement of the law in the instruction; and (2) that if instructions are all to be considered in their total context they made plain to the jury the traditionally accepted concept: that an independent contractor is one who agrees to undertake some project or piece of work for another, to be done according to his own methods and is not subject to direction and control of the owner or

employer, except only as to the result to be accomplished.[2]

We agree that if the instructions are all considered together as they should be,[3] the jury was advised in language which persons of ordinary intelligence would understand as to what the issues to be decided were. When this is considered together with the rule that where the evidence is in dispute it must be viewed in the light most favorable to the verdict, we perceive no error prejudicial to the defendants which would justify us in overturning the judgment.[4]

Affirmed. Costs to plaintiffs (respondents).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

2. *Plewe Const. Co., et al. v. Industrial Comm., et al.,* 121 Utah 375, 242 P.2d 561 (1952).

3. *Wilson v. Gardner,* 10 Utah 2d 89, 348 P.2d 931.

4. *Charlton v. Hackett,* 11 Utah 2d 389, 360 P. 2d 176.