MOTIVATED MANAGEMENT INTER-
NATIONAL, a Utah Corporation,
Plaintiff and Appellant,

v.

Robert L. FINNEY and Isabelle Finney,
his wife, Defendant and Respondent.

No. 16131.

Supreme Court of Utah.

Nov. 19, 1979.

David Lloyd of Watkins & Faber, Salt Lake City, for plaintiff and appellant.

Jackson B. Howard of Howard, Lewis & Petersen, Provo, for defendant and respondent.

STEWART, Justice:

The principal issue in this case is whether the complaint was properly dismissed for failure to state a claim because

---

plaintiff performed the work of a contractor without being licensed as a contractor. We reverse and remand.

On September 19, 1977, the plaintiff filed an action to foreclose a materialmen's lien. Plaintiff had sold defendants material for a "package home," which contains all the parts necessary to complete a house. Plaintiff also agreed to perform certain aspects of the actual construction. On October 5, 1977, a motion to dismiss for failure to state a claim was filed, and on October 27, 1977, the plaintiff lodged a motion for leave to amend and an amended complaint with the court. The trial court did not formally act on the motion to amend. The heart of the controversy is whether this action was properly dismissed because the plaintiff performed the duties of a contractor as defined by § 58–23–3(3), U.C.A. (1953), as amended, and therefore was barred from recovery because it is not a licensed contractor. See *Olsen v. Reese*, 114 Utah 411, 200 P.2d 733 (1948). The Finneys also contend that plaintiff is entitled to no relief, in any event, because the complaint sought only to foreclose an alleged materialmen's lien which defendants claim is defective and did not seek a judgment of personal liability against defendants.

At the hearing on the motion to dismiss, and at oral argument before this Court, counsel for defendants indicated that it would be appropriate to consider this matter on the basis of the amended complaint, despite the absence of a formal order permitting the complaint to be filed. On that basis, we take the trial court's dismissal to apply to the amended complaint as if an order had been entered substituting it for the original complaint.

The amended complaint alleges that at least part of the construction was performed by a licensed contractor, Eco Development and Construction Co., or through subcontractors obtained by defendants and that substantial change orders were made by defendants to the licensed contractor and plaintiff or to defendants' own materialmen or subcontractors. The complaint also alleges that, "Pursuant to agreements with defendants, plaintiff supplied materials, and paid for labor performed by Eco Development or subcontractors obtained by Eco Development or defendants . . . ." On the face of the complaint it appears that defendants, by virtue of Eco's contractual involvement, would have the protection which presumably would be afforded by a licensed contractor. On that basis we hold that *Fillmore Products, Inc. v. Western States Paving, Inc.*, Utah, 561 P.2d 687 (1977), controls this case.[1] Since the allegations of the complaint do not compel the conclusion that no claim for relief has been stated, it was not appropriate to dismiss the complaint. *Liquor Control Commission v. Athas*, 121 Utah 457, 243 P.2d 441 (1952); see also, *Christensen v. Lelis Automatic Transmission Service, Inc.*, 24 Utah 2d 165, 467 P.2d 605 (1970).

Finally, the defendants claim that the action was to foreclose a lien and that the alleged lien was invalid. They further contend that the complaint did not demand judgment against the defendants for personal liability on the contract, and therefore the plaintiff has no basis for maintaining this action. Plaintiff now concedes there was no valid lien because of failure to comply with the statutory requirements. But the amended complaint clearly does seek a judgment for money damages against the defendants. In any event, Rule 54(c)(1) provides that a judgment shall grant the relief to which a party is entitled, even though it has not been demanded in the pleadings. Clearly the complaint was not defective because of the nature of the relief sought.

Costs to Appellant.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. Plaintiff has not contended that *Olsen v. Reese*, 114 Utah 411, 200 P.2d 733 (1948), should be overruled. That issue should therefore be left for another day.