**WILDERNESS BUILDING SYSTEMS, INC., and Kerry R. Hubble, Plaintiffs and Appellants,**

v.

**Charles H. CHAPMAN and Edythe S. Chapman, Defendants and Respondents.**

No. 19009.

Supreme Court of Utah.

April 15, 1985.

John Walsh, Salt Lake City, for plaintiffs and appellants.

J. Kent Holland, Salt Lake City, for defendants and respondents.

HALL, Chief Justice:

Kerry R. Hubble and Wilderness Building Systems, Inc., plaintiffs, appeal from an adverse directed verdict[1] on their claim for payment for materials and labor furnished to defendants Charles H. Chapman and Edythe S. Chapman in constructing a log cabin. The directed verdict was granted to defendants on the ground that neither plaintiff was a licensed contractor and their claim was thus barred by operation of U.C.A., 1953, § 58A–1–26 (Supp.1983).[2]

---

1. Actually, the order was a judgment notwithstanding the verdict, since it was granted after the jury had returned a verdict for plaintiffs. *See* Utah R.Civ.P. 50(b).

2. U.C.A., 1953, § 58A–1–26 (Supp.1983) provides:

No contractor may act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor when the contract sued upon was entered into and when the alleged caused of action arose.

[1] On appeal from a directed verdict, the issue is whether any evidence supports the claims of the party against whom the verdict was rendered, viewing the evidence in the light most favorable to that party.[3] However, our review is of course limited to the evidence contained in the record on appeal.[4] In this case, plaintiffs did not order a trial transcript, and the trial exhibits are the only evidence contained in the record that was before the trial court in granting the directed verdict. Although largely unsupported by the record, we recount the facts of this case as set forth in the parties' briefs to elucidate our discussion of the parties' contentions on appeal.

Around June 1981, having bought a "log cabin kit" from plaintiffs, Charles Chapman entered into a contract to buy from plaintiffs additional materials for the construction of the cabin. Chapman also contracted for the erection of the cabin by plaintiffs. The cabin was to be built on defendants' property for their use. Neither plaintiff was a licensed contractor. According to plaintiffs, Chapman agreed that he would be the general contractor and would employ plaintiffs to construct the cabin. Chapman denied making such an agreement. Chapman secured a building permit for the cabin, listing Hubble as the general contractor.

When the cabin had been partially completed, defendants became dissatisfied with plaintiffs' performance. Chapman requested plaintiffs to stop their work and filed a complaint against them in the Department of Business Regulation. Defendants claim they then learned for the first time that plaintiffs were unlicensed. Defendants' attorney wrote plaintiffs, claiming plaintiffs had materially breached the construction contract. Plaintiffs filed liens against defendants' property for the balance due for the materials and labor and brought this action against defendants, seeking payment.

Plaintiffs contend that three exceptions to the statutory bar to recovery by an unlicensed contractor apply to this case. First, relying on *Lignell v. Berg*,[5] plaintiffs argue that an unlicensed contractor may recover from one who is otherwise protected from the harm the licensing requirements were designed to prevent. Plaintiffs assert that defendants were protected by their own knowledge and expertise from such harm. In support of this assertion, plaintiffs point out that, under their contracts with defendants, plaintiffs were to perform only the heavy work involved in constructing the cabin, leaving the plumbing, electrical work, and the like to defendants. Plaintiffs assert that this implies that defendants had the necessary knowledge and expertise to protect them from an incompetent contractor. Contrary to plaintiffs' contention, however, the fact that defendants did not hire plaintiffs to complete the work on the cabin does not evidence any particular knowledge, experience, or expertise on defendants' part.

Second, plaintiffs urge that an unlicensed contractor may recover on a theory of unjust enrichment from one who knew or should have known at the time of contracting that the contractor was unlicensed. Plaintiffs assert that defendants knew or should have known at the time of contracting that plaintiffs were unlicensed because the contract provided as follows: "Wilderness Building Systems proposes to perform all labor as necessary to complete the following by experienced or licensed personnel in good workmanlike manner." This provision, however, is insufficient to support a finding that defendants either knew or should have known that plaintiffs were unlicensed. Thus, plaintiffs' theory of unjust enrichment also fails.

Third, citing *Motivated Manage-*

---

**3.** *See Cruz v. Montoya,* Utah, 660 P.2d 723, 728–29 (1983).

**4.** *See Clendenen v. Western Ready Mix Concrete Corp.,* Utah, 688 P.2d 477, 478 (1984); *First Fed. Sav. & Loan Ass'n v. Schamanek,* Utah, 684 P.2d

1257, 1266 (1984); *Bevan v. J.H. Constr. Co.,* Utah, 669 P.2d 442, 443 (1983).

**5.** Utah, 593 P.2d 800 (1979).

ment International v. Finney[6] and Kinkella v. Baugh,[7] plaintiffs argue that an unlicensed contractor may recover for work performed under the supervision of a licensed contractor. Accordingly, plaintiffs claim that their work on defendants' cabin was entirely supervised by a licensed contractor. There is no evidence on the record to support this claim. At oral argument, plaintiffs' counsel stated that testimony was adduced at trial that a licensed contractor supervised plaintiffs' construction of the cabin. Absent a trial transcript, however, we are not at liberty to consider such evidence, if there was any. We must assume that the trial court's findings of fact and conclusions of law are correct.[8]

■ Finally, plaintiffs contend that Chapman, not Hubble or Wilderness Building Systems, Inc., was the contractor for the cabin construction. In support of this contention, plaintiffs rely on trial testimony that Chapman orally agreed to be the general contractor for the project. Again, absent a trial transcript, any such testimony is not before us. Moreover, even assuming such testimony was adduced at trial, it does not, without more, show that plaintiffs' construction of the cabin did not constitute "the performance of any act for which a license is required" within the meaning of U.C.A., 1953, § 58A-1-26 (Supp.1983). The only record evidence on which plaintiffs rely in support of their contention that Chapman was the contractor for the project is the building permit secured by Chapman for the construction of the cabin. Plaintiffs argue that under U.C.A., 1953, § 58A-1-1 (Supp.1983) the building permit constitutes prima facie evidence that Chapman was the contractor.[9] This argument overlooks the effect of U.C.A., 1953, § 58A-1-

2(5) (Supp.1983), which exempts "[s]ole owners of property building thereon for their own use" from all provisions of Chapter 58A. Furthermore, since the building permit listed Hubble as the general contractor, it certainly did not constitute prima facie evidence that defendants were acting as general contractors. On the contrary, it was evidence that Hubble was in fact the general contractor.

■ At oral argument, plaintiffs' counsel requested leave to file a trial transcript to supplement the record before us. The Utah Rules of Civil Procedure[10] clearly establish the parties' obligations to ensure that an adequate record is filed with the Court long before a case is calendared for oral argument. Plaintiffs have had ample opportunity to order and file a trial transcript. To grant plaintiffs' request at this belated point would prejudice the opposing party, as well as inconvenience the Court. Therefore, plaintiffs' request is denied.

The judgment of the district court is affirmed. Costs are awarded to defendants.

HOWE and DURHAM, JJ., concur.

STEWART, Justice (concurring in the result):

Although I concur with the majority opinion that the plaintiffs cannot recover on the contract because of U.C.A., 1953, section 58A-1-26 (1983 Pocket Supp.), I do not believe that the door to equity has been closed by that provision to the extent that an unlicensed contractor should not be allowed to recover in quantum meruit for the fair value of whatever the defendants received. However, it does not appear that

6. Utah, 604 P.2d 467 (1979).

7. Utah, 660 P.2d 233 (1983).

8. *Supra* note 4.

9. U.C.A., 1953, § 58A-1-1 (Supp.1983) provides in relevant part:
Evidence of the securing of any construction or building permit from a governmental agency, or the employment of any person on a construction project, or the offering of any

bid to do the work of a contractor as herein defined, shall be accepted in any court of the State of Utah as prima facie evidence of engaging in the business or acting in the capacity of a contractor.

10. Utah R.Civ.P. 75(a) was in effect at the time this appeal was filed. It has been superseded by Rule 11 of the Utah Rules of Appellate Procedure, effective January 1, 1985.

the plaintiffs sought this remedy in the trial court, although it is not possible to ascertain because the case came on appeal without a transcript.

The majority addresses the plaintiffs' contention that they should be able to recover for unjust enrichment. The majority opinion suggests that the defendants' lack of knowledge that the plaintiffs were unlicensed is somehow dispositive of the issue. I think that the defendants' lack of knowledge is irrelevant. In all events, the issue of unjust enrichment is not properly before the Court.

ZIMMERMAN, J., concurs in the concurring opinion of STEWART, J.