## No. 7995.

### W. C. RAYMOND ET AL. COMMISSIONERS, ETC., VS. EDWARD C. PALMER ET ALS.

Officers and directors of a corporation are mandataries, and as such liable to the corporation for injuries to it resulting from their breaches of duty.

They are likewise liable for trespasses, frauds, deceits and other wrongs which they may commit against third persons. Commissioners or receivers appointed to liquidate a corporation may assert all corporate rights against unfaithful directors. They, likewise, to a certain extent, are representatives of creditors, and may, in certain cases, vindicate the rights of the latter; but they can exercise no actions of this character except such as pertain to the creditors *ut universi*, and not those which pertain to them *ut singuli*.

Analysing the various acts charged in the petition herein against the defendant officers and directors, many of them are found to import injury only to particular creditors or stockholders, whose rights the receivers cannot champion; others are set forth too vaguely and insufficiently to sustain the action.

An application by a plaintiff, whose petition has been dismissed because it disclosed no cause of action, for leave to amend his pleadings, comes too late and must not be entertained. 34 An. 328, reaffirmed.

APPEAL from the Fifth District Court for the Parish of Orleans. *Rogers, J.*

*W. S. Benedict* and *Chas. S. Rice* for the Commissioners, Plaintiffs and Appellants.

*T. J. Semmes & Payne* for Defendants and Appellees :

1. Two of the commissioners of an insolvent bank cannot institute a suit when the law requires the appointment of three.  7 N. H. 253 ; 8 Md. 187 ; 9 Ark. 320.

2. The commissioners of an insolvent bank cannot sue the directors for misrepresentation of the condition of the bank, whereby creditors or stockholders were deceived and sustained loss : such claims are not assets of the corporation, but belong to the individuals so deceived.  60 Maine, 178 ; 12 Blatchford, 341 ; 14 Ch. Div. 673 : 55 N. Y. 400 ; 51 N. Y. 27, L. R. ; 4 Ch. App. 384 ; 6 Eng. and Irish App. 390 ; 2 Ellis & B. 476 ; 5 App. Cases, 338. Such action is *ex delicto* and not *ex contractu*, as would be a suit by stockholders for a waste of assets by bad management, as in Percy vs. Millaudon, 8 N. S. and 3 La.

3. The issue of paid up shares to directors of a bank does not make them responsible on a contract to pay for such shares ; at most, they are only liable in damages for the market value of unpaid shares at the time of issue, and if they had no value there is no damage, and here there is no allegation of loss.  1 Ch. Div. 124 : 5 Ch. Div. 322.

*Miller, Finney & Miller; Kennard, Howe & Prentiss* and *Jas. D. Coleman* on the same side.

---

The opinion of the Court was delivered by

FENNER, J.    This is an action brought by the commissioners or receivers of the Louisiana Savings' Bank and Safe Deposit Co. against the late president, cashier and directors of the corporation, for five hundred thousand dollars, as damages resulting from their mismanagement and unlawful acts in their official administration.

Numerous exceptions were interposed by the defendants, some of which were sustained by the judgment appealed from, which dismissed the action.

So far as these exceptions are based upon the illegality and nullity of the proceedings under which the plaintiff commissioners were appointed, they are disposed of by the opinion and decree just delivered by us "In the matter of the Louisiana Savings' Bank and Safe Deposit Co.," wherein we affirm the validity and legality of those proceedings.

The exceptions further question the right of the commissioners, in any event, to maintain such a suit as the one herein brought and to stand in judgment on such causes of action as are here propounded.

Before stating the very various and numerous charges against the defendants presented in the petition, we will briefly summarize the principles of law governing the liabilities of officers and directors of corporations and to what extent commissioners or receivers are entitled to sue for the enforcement thereof.

Officers and directors are mandataries of the corporation, and, as such, they are liable to their principal for breaches of the duties assumed by them.

They are also liable for trespasses, frauds, deceits, or other wrongs which they may commit against third persons. Thompson on Liabilities of Officers and Agents of Corporations, 352.

Receivers succeed to all rights of the corporation and may undoubtedly assert all corporate rights against unfaithful officers and directors. The better American doctrine seems to be that, to a certain extent and in certain cases, receivers are also representatives of the creditors, and, like a bankrupt assignee, may, as such representative, impeach and attack transactions of the corporation itself with others to their prejudice. Id. p. 378; High on Receivers, Sec. 314; Gillete vs. Moody, 3 N. Y. 479; Talmage vs. Pell, 7 N. Y. 347.

We are satisfied, however, that receivers can exercise no actions of this kind except such as pertain to the mass of the creditors. In the language used in a philosophic decision of the French Court of Cassation, they may exercise actions which belong to the creditors *ut universi*, but not those which belong to them *ut singuli*. Journal du Palais, 1869, p. 712.

So far, therefore, as the acts charged in the petition are of a nature which could only be injurious to particular persons, whether stockholders or creditors, and not to the mass, or to the corporation, manifestly the commissioners have no right to champion the cause of such injured persons. Journal du Palais 1879, p. 241; Peck vs. Gurney, 6 Eng. & I. App. 390; Gerhard vs. Bates, 2 Ellis & B. 476; Arthur vs. Griswold, 55 N. Y. 400; Wakeman vs. Dally, 51 N. Y. 27; Turquand vs. Marshall, 4 Ch. App. 384.

Recurring now to the petition, we find among the acts charged against the defendants, the following : that they falsely represented to the public that additional capital had been subscribed and paid for, and that they made and published various false, fraudulent and deceptive statements of the condition and resources of the Bank. The specifications of these acts make up a large portion of the petition. Such acts, if committed, may have injured particular creditors who dealt with the Bank on the faith thereof, or particular stockholders who became such on that account; but we can perceive no direct injury to the corporation or the mass of creditors or stockholders resulting therefrom, and no circumstances are alleged supporting such injury.

Other acts charged are as follows: that they allowed a large depositor, who was one of the directors, interest on his deposits; that the Board held no regular meetings as required by the by-laws; that they illegally transacted business with six directors, instead of seven, as required by the charter; that they carried worthless assets on their books at fictitious valuations; that they bought a part bond and a

State warrant and made fictitious entries to profit and loss on account thereof.

Surely such acts do not, of themselves, import any corporate injury, and we find no circumstances alleged to charge them with such effect.

Another act set forth in the petition is, that the defendants issued to themselves and to two other parties 3,500 shares of stock, purporting to be an addition of $350,000 to the capital of the Bank, when, in fact, said parties paid nothing therefor. How the Bank has been injured thereby is not stated. It is not averred that the parties have received any dividends or other advantage, as holders of the stock, or that the stock could have been disposed of to others for valuable consideration. The action is not *ex contractu*, to recover from the holders the price of the stock, but purely *ex delicto*. Indeed, it appears that separate actions *ex contractu* have been brought against the several holders. Clearly, there is nothing in this item to support the present action.

Nothing remains of the petition except the following allegations:

1. That, with the assent of the defendants, the accounts of Edward C. Palmer & Co. and of Warner Van Norden were largely overdrawn, in sums exceeding $380,000, and that the former account was so overdrawn, on the day of the suspension of the Bank, in the sum of $47,437.34.

2. "That they permitted two of their number, namely, Edward C. Palmer and Edward Conery, to withdraw from the funds of said Bank, when it was insolvent to their knowledge, the sum of $47,437.34 to the former, and $84,000 to the latter."

The petition presents no enlargement of these bare averments, and their vagueness and insufficiency, as a basis for such a demand against directors, are apparent.

As to the overdrafts of Van Norden, *non constat* so far as the allegations show that they have not been paid up. As to the over-draft of Palmer & Co., the petition does not advise us when it was made, or under what circumstances. For aught that appears to the contrary, it may have been innocently allowed, and may, even now, be a perfectly good asset of the Bank, no charge being made that Palmer is insolvent.

The permitting of depositors, even though directors, to withdraw their deposits from the Bank, at any time before the suspension of the Bank, may, or may not entail responsibilities on the directors, according to circumstances. Certainly, something more than mere knowledge of insolvency would be essential to sustain such liability. Directors are not bound to close the doors of the Bank the moment its insolvency becomes apparent, under peril of becoming personally responsible for all sums withdrawn thereafter by depositors or others. Such dangers are frequently tided over, and other important corporate

interests may demand the keeping up of the struggle. If the two directors referred to took advantage of their official knowledge to withdraw their funds and thus fraudulently to secure for themselves an advantage over other creditors, it is possible, under proper conditions, that they might be held bound to refund. But, unless the directors, as a body, wilfully and fraudulently connived at and participated in the giving of such unlawful preferences, they cannot be held liable.

For some of the acts set forth herein the defendants might, under a proper and sufficient petition setting forth all essential facts and specifications, be required to answer at the suit of plaintiffs.

As to such causes of action, however, the exceptions to the vagueness and insufficiency of the petition were well taken.

As to others, as we have shown, the exception to the authority of plaintiffs to stand in judgment, because not resulting in damage to the corporation or to the mass of creditors, was proper.

Our decree affirming the judgment will be construed according to this opinion.

Judgment affirmed at appellants' cost.

---

### ON APPLICATION FOR AMENDMENT OF DECREE.

The opinion of the Court was delivered by

POCHÉ, J.   In view of our statement that some of the acts set forth by plaintiffs might, under a proper petition containing clear, certain and comprehensible allegations, subject the defendants to meet the issue on the merits, plaintiffs suggest an amendment of our decree herein, under which they could be allowed to amend those portions of their pleadings.

Their prayer cannot be favorably entertained.

The allegations referred to have blended and intermingled together facts which point to a cause of action against some of the defendants only in their individual capacity, and other averments charging responsibility and liability against all the defendants in their official capacity as directors.

Our understanding of the issues disposed of by our decree is, that the determining or pivotal exception mantained, and under which the suit was dismissed, was that of no cause of action.

It is indeed very difficult to conceive of a legal mode by which a judgment of dismissal, maintaining the exception of no cause of action and suggesting the vagueness and insufficiency of certain allegations which apparently disclosed some cause of action, could be segregated and sifted so as to authorize amendments touching the vagueness and insufficiency of a few substantial allegations.   Such a relief could not

be consistent with the recognized rights of the defendants under their well grounded exception of no cause of action.

It is clear, on both reason and authority, that the decree which maintains such an exception excludes all rights of amendments.

In the case of Hart vs. Bowie, 34 An. 323, we had recently the occasion to examine our jurisprudence on this point, and the result of our investigation is stated in the following language:

" The dismissal of a petition which discloses no cause of action disposes of the suit, and no amendment can then be allowed; any amendment, under which a cause of action would be disclosed, would undoubtedly change the issue, or rather create an issue where none had yet been presented." * *

We see no reasons to justify a change in our decree which, therefore, remains undisturbed.