## TUCK v. HARMON et al. *
### No. 4550.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

Thompson & Thompson and Munholland & Munholland, all of Monroe, for appellants.

Lester & Harper, of Monroe, for appellee.

MILLS, Judge.

This is a companion case to that of Ida Belle Tuck versus the same defendants, this day decided (La. App.) 151 So. 803. In the former case, the wife was claiming damages for personal injuries received in the same accident on account of which the husband is now demanding $78.65 for repairs to his car, and $75 for storage and deterioration during the time the car was held by the repairer because of the inability of the owner to pay the above charges.

In an amended petition filed after the interposition on the part of all defendants and overruling of an exception of no cause or right of action, plaintiff prays for an additional sum of $500, the charge of the physician attending his wife.

Defendants answered "specially saving and reserving their rights and benefits under the exceptions heretofore filed herein," and at the time of trial renewed their exception of no cause or right of action.

After due trial there was judgment in favor of plaintiff and against all three defendants in solido for $603.65, with interest and costs, from which defendants have appealed.

The exception of no right of action filed by Robert G. Harmon should have been sustained for the reason given in the suit of Mrs. Tuck, which was that under the circumstances shown he was not responsible for the torts of his wife.

As to the insurance company, the only allegation in the petition tending to establish liability on its part reads as follows: "That said Hudson sedan automobile was covered by a policy of public liability insurance, issued by the Commercial Standard Insurance

Company, of Dallas, Texas, insuring Mr. Robert G. Harmon, or any adult member of his household, against loss on account of injury to any person caused by the operation of said automobile."

As the original petition alleged only property damage and not personal injuries, the exception of no cause of action filed by the insurance company should have been sustained and plaintiff's suit dismissed as to it at the time the exception was overruled.

██ The supplemental and amended petition, being for doctors' bills incurred because of personal injuries, taken in conjunction with the original petition, does state a cause of action as to the insurance. But after an exception of no cause or right of action is, or should have been, sustained, an amendment comes too late, as there is then nothing to amend. Tremont Lumber Co. v. May, 143 La. 389, 78 So. 650, 652.

In the Tremont Lumber Company Case it was held, under the same circumstances: "The amendment should not have been allowed. A petition upon which no judgment can be pronounced does not show a cause of action; and a petition which does not show a cause of action is, legally speaking, no petition, and hence cannot be amended." See the cited cases and Harris v. Louisiana State Normal College, 18 La. App. 270, 134 So. 308, 138 So. 182.

In the Tremont Lumber Company Case, the court did say that such an amended petition can be considered as the beginning of the suit, "the suit must be considered as dating only from such filing, and not from the filing of the original petition; and the supplemental petition must be served upon the defendant, and the delays for answering must be allowed as in the case of an original petition."

But this statement of the law was overruled in the opinion on rehearing, wherein Justice Monroe says: "In fact, whilst it is well settled that no amendment can be allowed after an exception of no cause of action has been sustained, and while there is a certain limit beyond which a court cannot go in allowing amendments after issue joined, the matter of allowing amendments before such action has been taken is practically left to the discretion of the trial judge. * * *". See, also, Hart & Co. v. Bowie, 34 La. Ann. 323; Raymond v. Palmer, 35 La. Ann. 276.

As the amended petition in the case, unsupported by the original petition, is lacking in essential allegations to form the basis of a new suit, and as the rights of defendants were preserved by timely reservation, the amended petition and the testimony under it admitted under reservation of defendants' rights cannot be considered. The exception of no cause of action should have been sustained as to the insurance company.

██ As to the remaining defendant, Mrs. Robert G. Harmon, we find that of the amount allowed for repairs, was an item of $30 for six months' storage, due solely to the inability of plaintiff to pay the bill for repairs. We think this should have been disallowed, reducing the amount of repairs to $73.65.

The doctors' bill is properly proven and is a just claim against her.

The judgment appealed from is reversed as to Robert G. Harmon and the Commercial Standard Insurance Company. As to them judgment is now rendered sustaining the exception of no right of action as to Robert G. Harmon, and no cause of action as to the Commercial Standard Insurance Company, and dismissing plaintiff's suit as to them at his cost.

As to Mrs. Robert G. Harmon, the judgment is amended by reducing the amount allowed to $573.65, and, as amended, affirmed; plaintiff to pay all cost of appeal.