366 P.2d 607

Lawrence BUTTERFIELD, Plaintiff and Respondent,

v.

Donald G. CHANEY, Defendant and Appellant.

No. 9413.

Supreme Court of Utah.

Nov. 30, 1961.

Thomas P. Vuyk, Salt Lake City, for appellant.

Karl V. King, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff, a landscaper, against defendant, a home owner. The latter urged that plaintiff was an unlicensed contractor, and as such, had undertaken a "project"[1] aggregating a fixed sum exceeding $1,000, which would avoid the contract under Utah decisional authority.[2] Thus, he reasons, plaintiff was not exempt as one contracting for a fixed sum less than $1,000.[3] Affirmed, with costs to plaintiff.

---

1. Title 58–23–3(3), Utah Code Annotated 1953, L.1957, ch. 115, Sec. 3, defining a contractor subject to licensing as "any person * * * who for a fixed sum * * * undertakes with another for the construction * * * of any building * * * or other * * * *project* * * *."

2. Eklund v. Ewell, 1949, 116 Utah 521, 211 P.2d 849; Olsen v. Reese, 1948, 114 Utah 411, 200 P.2d 733.

3. Title 58–23–2(6), U.C.A., L.1957, ch. 115, Sec. 2; 1961, ch. 137, Sec. 2, gives no license for one contracting a job aggregating a fixed sum less than $1,000.

In writing defendant agreed to pay plaintiff $893 to put in a retaining wall, patio, and lawn. Thereafter there was some loose but disputatious conversation about a block fence, which finally and orally was agreed to be built by plaintiff. He accomplished this employment and was paid for it. A third job to install planters was discussed. The work thereon was performed. The integrated contract for $893, plus the two other work pieces aggregated more than $1,000. The court held there was not one project, but three separate jobs as to time of execution and as to fixed amounts. It said that plaintiff was statutorily exempt, and we agree.

Nowhere in defendant's brief is found any reference to any page in the voluminous 238-page record to support the gratuitous conclusion that "It is the contention of the appellant that the determination should be from all of the circumstances involved in the entire transaction." However, though we could decide this case based on such failure to point to the record for sustaining evidence,[4] we have gone over it and find ample substantial, competent and credible evidence to support the trial court. Hence, under well-known appellate review principles, we affirm.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

4. Rule 75(p) (2) (2), Utah Rules of Civil Procedure; In re Lavelle's Estate, 122 Utah 253, 248 P.2d 372 (1952); Le-

pasiotes v. Dinsdale, 121 Utah 359, 242 P.2d 297 (1952).