Troy D. GILL, Plaintiff and
Respondent,

v.

Robert V. TIMM, Defendant
and Appellant.

No. 19350.

Supreme Court of Utah.

April 4, 1986.

Don Blackham, West Valley City, for defendant and appellant.

Ronald E. Dalby, West Jordan, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Robert V. Timm appeals from the trial court's denial of his motion to dismiss plaintiff's complaint for money damages. Defendant also challenges the measure used by the trial court in fixing plaintiff's damages. We hold that the trial court did not err in refusing to dismiss plaintiff's complaint and that defendant waived his right to challenge the trial court's award of damages by failing to plead or argue mitigation of damages as an affirmative defense.

This action arose out of an automobile accident that occurred on December 2, 1979. Plaintiff was sitting in his car at an intersection, waiting for the traffic signal to change, when defendant drove into the rear of plaintiff's vehicle. Plaintiff sued for damages to his car.

In a bench trial, plaintiff presented undisputed evidence that he had recently paid $6,500 for the car and that the estimated cost of repairs was $3,362.57. Plaintiff also argued that he was entitled to recover storage charges at the rate of $5 per day from the date of the accident through the date of trial, plus $150 as the cost of obtaining alternative transportation pending repair of his vehicle. Defendant objected to the admission of evidence relating to storage costs "as not being material" because they had not been specifically alleged as damages in plaintiff's complaint. The court overruled that objection. After plaintiff rested, defendant moved to dismiss the complaint "on the basis that it hasn't stated a cause of action." After hearing defendant's argument that the complaint was defective because it did not allege the specific elements of negligence—duty, breach, and causation—the judge allowed amendment of the complaint to conform with the proof of negligence presented at trial. Defendant's motion to dismiss was denied.

After considering the evidence, the court awarded damages of $6,650, which was calculated as the purchase price of plaintiff's vehicle ($6,500), plus plaintiff's cost for obtaining alternative transportation ($150). The court specifically adopted the cost of plaintiff's vehicle as the measure of damages rather than the sum of repair costs plus storage costs, which totaled more than $9,000.

■ Defendant now appeals on the ground that the trial court improperly denied his motion to dismiss. Defendant also argues that the trial court improperly considered plaintiff's claim for storage charges in calculating damages because plaintiff had not attempted to mitigate those costs. Defendant's first point lacks merit. Utah Rule of Civil Procedure 8(a) requires simply that "a pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which he deems himself entitled." The pleadings must be sufficient to give "fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved." *Blackham v. Snelgrove*, 3 Utah 2d 157, 161, 280 P.2d 453, 455 (1955). Rule 8(a) is to be liberally construed when determining the sufficiency of a plaintiff's complaint. *See Cheney v. Rucker*, 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963); *Williams v. State Farm Insurance Co.*, Utah, 656 P.2d 966, 970–71 (1982).

Plaintiff's complaint, although meager, sufficed to inform defendant of the plain nature and basis of the claim against him. Although negligence and its technical elements were not pleaded specifically, the whole case, including the evidence and arguments of counsel, proceeded on the basis of negligence. Defendant was neither surprised at trial nor unable to present legitimate defenses which he may have had. *See, e.g., Rosenlof v. Sullivan*, Utah, 676 P.2d 372 (1983).

If there is any question about the sufficiency of the complaint, it was removed when the trial court, acting under Rule 15(b), allowed amendment of the pleadings to conform with the evidence adduced at trial. This procedure is much preferred to the alternative of dismissal, especially where a trial has proceeded to conclusion on the existing pleadings and where the defendant has suffered no prejudice by reason of any deficiency in the pleadings. As this Court said in *Mabey v. Kay Peterson Construction Co.*, Utah, 682 P.2d 287, 289 (1984),

[W]hen issues not raised by the pleadings are tried by express or implied consent they shall be treated in all respects as if they had been raised in the pleadings. Rule 15(b) [Utah R.Civ.P.]; *Poulsen v. Poulsen*, Utah, 672 P.2d 97 (1983); *General Insurance Co. of America v. Carnicero Dynasty Corp.*, Utah, 545 P.2d 502 (1976); *Holdaway v. Hall*, 29 Utah 2d 77, 505 P.2d 295 (1973).

■ Defendant's second argument on appeal is that plaintiff failed to mitigate his damages. Apparently, plaintiff allowed the damaged vehicle to remain at the repair shop for almost four years pending the outcome of this suit, resulting in storage charges in excess of $3,000. The trial court reasoned that because the actual or special damages resulting from the accident, cost of repair, cost of alternative transportation, and including storage costs, exceeded the purchase price of the vehicle, the proper calculations of a judgment should be only the price of the newly purchased vehicle in order to avoid giving plaintiff a windfall. Defendant suggests that the proper measure of damages should be limited to $3,362.57 for the cost of repairs, plus $150 as the cost to plaintiff of arranging alternative transportation. We assume this argument would have merit if properly raised, but it has reared its head for the first time on appeal. "Mitigation of damages is an affirmative defense." *Pratt v. Board of Education*, Utah, 564 P.2d 294, 298 (1977), *aff'd on rehearing*, 569 P.2d 1112 (1977). Affirmative defenses must be set forth in responsive pleadings, Utah R.Civ.P. 8(c), and are usually waived if not

so pleaded. Utah R.Civ.P. 12(h). This Court has explained the reason for this result:

> Since an affirmative defense raises matters outside the scope of plaintiff's prima facie case, any matter which does not tend to controvert the opposing party's prima facie case should be pleaded and is not put in issue by denial pursuant to Rule 8(b) [Utah R.Civ.P.].

*Pratt v. Board of Education,* 564 P.2d at 298.

Defendant did not raise mitigation of damages as an affirmative defense in his answer to the complaint. Nor did he present evidence or argument on mitigation at trial. If he had, he might have been entitled to post-trial amendment of his answer under Rule 15(b) to include mitigation of damages as an affirmative defense. *Price Orem Investment Co. v. Rollins, Brown and Gunnell, Inc.,* Utah, 713 P.2d 55, 58–59 (1986); *see also Cheney v. Rucker,* 14 Utah 2d at 211, 381 P.2d at 91; *Loader v. Scott Construction Corp.,* Utah, 681 P.2d 1227, 1228–29 (1984).

Toward the end of trial, the court discussed damages generally and mentioned the concept of mitigation and observed that neither party had addressed it. Defendant's counsel did not pick up on the issue then or at any other time during the proceeding. A party objecting to the trial court's ruling must make a clear and succinct objection to the court at the time the error first becomes apparent. The court must be afforded a timely opportunity to correct its error, or the objecting party will have waived its right to argue the objection on appeal. *Beehive Medical Electronics, Inc. v. Square D Co.,* Utah, 669 P.2d 859, 861 (1983). This is so whether the error runs to jury instructions, as to which objections are governed by Rule 51, *see, e.g., Morgan v. Quailbrook Condominium Co.,* Utah, 704 P.2d 573, 579 (1985), or whether the error involves a question of law or procedure in a bench trial. *See, e.g., Callan v. Biermann,* 194 Kan. 219, 398 P.2d 355, 357 (1965). Since the matter was not raised below, we will not consider it.

For the foregoing reasons, we affirm. Costs to plaintiff.

HALL, C.J., and DURHAM, J., concur.

HOWE, Justice (concurring and dissenting):

I concur in that part of the majority opinion holding that the trial court did not err in *sua sponte* amending the plaintiff's complaint to state a cause of action in negligence. However, I dissent from the further holding that the plaintiff may recover over $3,000 in storage charges. This is not a case of the defendant's failing to raise mitigation of damages; instead, it is a case where the plaintiff did not prove his entitlement to any storage costs.

The majority correctly states that the proper measure of damages was $3,362.57 for repairs and $150 for the reasonable loss of use of the vehicle. Our decision in *Metcalf v. Mellen,* 57 Utah 44, 192 P. 676 (1920), fully supports that conclusion. In addition, the plaintiff was entitled to recover reasonable storage charges, if any he incurred, for a reasonable period of time while he was awaiting the making of the repairs, if it was reasonably necessary to store the vehicle. 8 Am.Jur.2d *Automobiles and Highway Traffic* § 1139; 25 C.J.S. *Damages* § 48b; Blashfield, *Automobile Law and Practice* § 480.13, at 45 (1969). *See also* Annot., 55 A.L.R.2d 936. For example, in *White v. Trahan,* La.App., 111 So.2d 561 (1959), the court held that where the damaged party does not know whether his vehicle is a total loss, he should be allowed a reasonable time in which to make that determination. The court disallowed his claim for 139 days of storage while he was negotiating with an insurance company and limited him to 14 days, which the court found to be a reasonable time. Later, the same court, in *Heider v. Employers Mutual Liability Insurance Co. of Wisconsin,* La.App., 231 So.2d 438 (1970), again limited the plaintiff to 14 days' storage where he was endeavoring to settle with an insurance company. Similarly, in *Tuck v. Harmon,* La.App., 151 So. 806 (1934), the court disallowed the plain-

tiff's claim for six months' storage which was incurred due to his inability to pay the repair bill on the damaged vehicle.

In the instant case, the plaintiff in his complaint sought the cost of repair and damages for loss of use. Nothing was mentioned in the complaint regarding storage of the vehicle, and no request was made for recovery of storage charges. Since any such damages are special damages, they should have been specially pleaded so that the defendant was afforded an opportunity to present any available defense. Utah R.Civ.P. 9(g); *Cohn v. J.C. Penney Co.*, Utah, 537 P.2d 306 (1975). The majority faults the defendant for not raising mitigation of damages as an affirmative defense in his answer to the complaint, but he could hardly be expected to do so when special damages for storage were not sought in the complaint.

The first witness for the plaintiff at trial was the manager of the body repair department of the automobile dealer from whom the plaintiff had purchased his automobile. He properly testified that $3,362.57 was the reasonable cost of repairing the damage to the vehicle. He was then asked by the plaintiff's counsel:

Question: What is the normal storage fees for a car to stay on your lot until it is repaired?

Mr. Blackham [counsel for defendant]: I'm going to object to that, your Honor, as not being material.

Mr. Dalby [plaintiff's counsel]: Your Honor, I think it's part of the damages.

Mr. Blackham: It hasn't been alleged in the complaint, your Honor.

The Court: He's either got a claim for loss or—and storage was a material issue in terms of the court's determination on that. Your objection is overruled. What is your storage fee?

The Witness: At the time being it's $5 a day.

The Court: $5 a day?

Witness: Yeah.

The witness then testified that the plaintiff's automobile had been on his employer's lot for 1,207 days up to the date of trial. At $5 per day, this would amount to total storage charges of $6,035.

This witness was followed by the plaintiff, who testified as to how the accident happened. On cross-examination, he admitted that the automobile had not yet been repaired because his insurance company had refused to cover the loss due to his failure to follow proper procedures in making his claim. The plaintiff then rested his case. Counsel for the defendant then moved to dismiss the complaint on the ground that it did not state a cause of action in negligence. The court denied the motion and *sua sponte* amended the complaint to conform with the proof that the defendant had negligently collided with the plaintiff, proximately causing him damages.

Counsel for the defendant declined to put on any evidence and rested his case. The court then began his ruling by turning to the plaintiff and saying:

One problem you've got, Mr. Dalby, and no one has addressed it, is mitigation. Dr. Gill's car has been sitting down there building up more storage costs than it costs to repair and the plaintiff has a responsibility to mitigate his damages, and maybe he can't do it. That is, maybe he is unable to have the $3,362.57.

The court then proceeded to rule that since the cost of repair ($3,362.57) and the 1,207 days of storage at $5 per day ($6,035) would exceed the value of the automobile, he would limit the plaintiff to the value of the automobile, which was $6,500, and $150 loss of use. The net result of this judgment is that the plaintiff recovers $3,137.43 for storage. This cannot stand.

There is no foundation in the evidence for any award of storage costs to the plaintiff. The plaintiff presented no evidence as to why storage on the dealer's lot was reasonably necessary. He offered no explanation as to why it could not have been stored at his home without any cost. Furthermore, the manager of the body repair department did not testify that $5 per day was reasonable; he only testified that $5

per day was the "normal storage fee" for a car to stay on his employer's lot. Even more seriously, the plaintiff's explanation as to why the car had been in storage for more than three years and three months awaiting repairs reflected that it was his own fault for not following the proper procedures in presenting his claim to his insurance company. Thus, the lengthy period of storage was not reasonably necessary. The trial court made no finding that the storage charges awarded were reasonable in amount, that they were reasonably necessitated, nor that the long period of storage was reasonably necessary. The court's only finding on storage was that "plaintiff has further incurred storage charges of $3.00 [sic] per day from Dec. 2, 1979 to the date of trial." Obviously, this finding is wholly inadequate to support any award. In sum, there is no evidentiary basis for the award of any storage costs by the court.

Even if the issue is viewed as being one of mitigation of damages, as does the majority, instead of the plaintiff's failure to prove his case, as I view it, the issue of mitigation was clearly before the trial court. The defendant cross-examined the plaintiff as to why he had left the car in storage for more than three years. The plaintiff stated that he had not abandoned the vehicle, that he had made contact with his insurance company, and that "under the circumstances they don't feel like they are responsible for it." He gave no indication whether he was still pursuing the claim and offered no explanation as to why he allowed storage charges to continue to mount up. Moreover, he did not testify that he could not otherwise pay for the repairs. He offered no explanation as to why he could not obtain a loan to finance the repairs. It requires only a simple calculation to show that the interest on a $3,400 loan would have been much less than the $5-per-day storage charges.

Not only did counsel for the defendant pursue mitigation of damages on cross-examination of the plaintiff, but the trial judge brought it up himself immediately after the defendant rested his case, as has

been heretofore shown. Thus, the court was fully aware of the need for the plaintiff to mitigate, and nothing the defendant could have said would have given the court more notice that mitigation was in issue. The judge did not afford either counsel the opportunity to argue his case. In spite of the judge's concerns about what he termed the plaintiff's failure to mitigate, he nevertheless proceeded to award the plaintiff over $3,000 in storage costs. This is untenable and cannot stand. The majority faults the defendant for not pursuing the issue more vigorously in the trial court. This argument overlooks the fact that the burden was on the plaintiff to provide the proper evidentiary basis for the award of storage costs. There was no burden on the defendant at trial to challenge the award when no competent evidence was presented on that subject by the plaintiff. *Delatore v. Delatore*, Utah, 680 P.2d 27 (1984).

I would reverse the judgment and limit the plaintiff to the cost of repairs of $3,362.57 and $150 for loss of use. Whether the plaintiff should have been entitled to interest on those amounts from the date of the accident is not before us, as the plaintiff at no time requested interest. He asked for attorney fees and costs of court. The trial court properly denied him attorney fees but did award him costs.

STEWART, J., concurs.