Dennis CLARK & Darla Clark dba Discount Bail Bonding, Ed Tolman & Valene Tolman dba Ed Tolman Bail Bonding Company, and H.C. Heninger & Doris Heninger dba H.C. Heninger Bail Bonding Company, Plaintiffs and Appellants,

v.

SECOND CIRCUIT COURT, STATE OF UTAH, CACHE COUNTY, Second Circuit Court, State of Utah, Rich County, Ted S. Perry, Circuit Judge, and David W. Sorenson, Circuit Judge, Defendants and Respondents.

No. 21062.

Supreme Court of Utah.

Aug. 18, 1987.

A.W. Lauritzen, Logan, for plaintiffs and appellants.

David Wilkinson, Diane Wilkins, Salt Lake City, for defendants and respondents.

STEWART, Associate Chief Justice:

Appellants Dennis and Darla Clark, dba Discount Bail Bonding, and H.C. and Doris W. Heninger, dba H.C. Heninger Bail Bonding Company, appeal the district court's dismissal of their petition for an extraordinary writ. The petition was filed to compel the Second Circuit Court judges to comply with the provisions of the bail bonding statutes, to declare the revocation of appellants' bail bonding authority invalid, and to set aside the forfeiture of their bonds. We reverse in part and dismiss the remainder of the appeal.

The appellants and Edwin O. Tolman are bail bondsmen who prior to this action, were qualified to post bonds in the Second Circuit Court. During 1982 and 1983, Tolman posted bail in Second Circuit Court for three different defendants. During 1985, circuit court Judge Ted Perry, on his own initiative, forfeited the bail posted for those defendants and entered judgment against Tolman on the bonds. Tolman and the appellants petitioned the district court for an extraordinary writ in the nature of the common writ of prohibition. The petition for the writ alleged that those bail forfeitures and judgments violated Utah Code Ann. § 77–20–7 and § 77–20a–1(3) (1982 & Supp.1987).

The day after the petition was filed, Second Circuit Court Judge David W. Sorensen personally delivered to the Cache County Sheriff's office a letter he had written which prohibited all the appellants from posting bail in any Second Circuit Court case while the petition was pending in district court. The appellants were not notified of this action and first learned about it only when Tolman attempted to post bail for a circuit court defendant and was prevented from doing so.

The petition for an extraordinary writ was not amended to allege that Judge Sorensen's letter had the effect of barring petitioners from acting as bail bondsmen in the Second Circuit, but the legality of his letter and its effect on the bondsmen were fully addressed by both sides at the hearing on the petition before the district court. In written findings and conclusions, the district court refused to grant the writ, stating that an extraordinary writ was inappropriate under the circumstances of the case. The Clarks and the Heningers appealed to this Court, but Tolman did not.

■ Initially, we consider whether the appellants have standing to challenge the forfeiture of the bonds posted by Tolman. Although neither side has raised the standing issue, that issue may be addressed by this Court *sua sponte. Terracor v. Utah Board of State Lands,* 716 P.2d 796, 798 (Utah 1986); *Utah Restaurant Association v. Davis County Board of Health,* 709 P.2d 1159, 1160 (Utah 1985); *Heath Tecna Corp. v. Sound Systems International, Inc.,* 588 P.2d 169, 170 (Utah 1978). Since Tolman was the only bail bondsman on the bonds forfeited, and since the appellants before this Court have had no bail bonds forfeited that are in issue here, the appellants have no standing to raise the legality of the forfeitures of Tolman's bonds. Whatever rights he might have in that regard should have been presented by him.

■ The appellants do, however, have standing to challenge the propriety of Judge Sorensen's letter prohibiting them, without notice, from posting bonds in the circuit court during the pendency of the district court action. Although the petition for an extraordinary writ in the district court did not attack the letter or seek relief from its effect, the issues concerning the letter were in fact squarely raised, fully aired at the hearing, and adjudicated in the district court's findings and conclusions.

The parties' failure to move to amend the pleadings to conform to the evidence does not affect the fact that those issues were in fact tried by the consent of the parties and were therefore properly before the court. *See Mabey v. Kay Peterson Construction Co.,* 682 P.2d 287, 289 (Utah 1984); *Poulsen v. Poulsen,* 672 P.2d 97, 99 (Utah 1983); *General Insurance Co. of America v. Carnicero Dynasty Corp.,* 545 P.2d 502, 506 (Utah 1976); *Holdaway v. Hall,* 29 Utah 2d 77, 505 P.2d 295 (1973). The rule is long-standing that the parties to a law-

suit are entitled to the relief the evidence shows they deserve regardless of whether they have requested such relief. Utah R.Civ.P. 54(c); *Butler v. Wilkinson,* 740 P.2d 1244 (Utah 1987); *Mabey,* 682 P.2d at 290.

 We have recently held that judicial relief by an extraordinary writ is appropriate on facts almost identical to this case. In *Heninger v. Ninth Circuit Court,* 739 P.2d 1108 (Utah 1987), a circuit court judge wrote a letter terminating without notice or a hearing a bail bondsman's right to post bonds. We held that it was error not to provide notice and hearing prior to the termination of bonding authority and that the error was remediable by an extraordinary writ. On the basis of *Heninger,* therefore, we hold that it was error for the trial court to dismiss the petition for extraordinary relief and that Judge Sorenson's letter revoking or suspending the appellants' right to carry on their business was unlawful.

We reverse the district court's dismissal of the petition for a writ and remand for entry of appropriate relief. We dismiss the appeal, however, insofar as it raises issues relating to the forfeiture of Tolman's bonds.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.